UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARYANN FAVALE and MARK FAVALE, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :     No. 3:04CV1220(DJS) <br> : |
| ROMAN CATHOLIC DIOCESE OF BRIDGEPORT, | : <br> : <br> : |
| Defendant. | : |

**MEMORANDUM OF DECISION AND ORDER**

Now pending in the above-captioned matter is plaintiffs' motion to compel **(dkt. # 40)** and defendant's motion for a protective order **(dkt. # 43)**. The court will address these motions concurrently since the issues presented therein are related. For the reasons that follow, plaintiffs' motion to compel is **DENIED** and defendant's motion for a protective order is **GRANTED.**

**I. BACKGROUND**

Plaintiff Maryann Favale worked as an administrative assistant at Saint Joseph's School in Brookfield, Connecticut, for approximately twenty-one years. During this time period, in November of 2002, Sister Bernice Stobierski became the new interim principal. Then, in May 2003, Sister Stobierski assumed the position of full-time principal. Maryann Favale alleges that Sister Stobierski subjected her to "severe and repeated sexual harassment" in the workplace from December 2002 to June 2003. Specifically, plaintiff alleges that Sister Stobierski touched her inappropriately, made sexually suggestive comments, exhibited lewd behavior, and requested physical affection. Plaintiff first informed her employer, the Roman Catholic Diocese of Bridgeport, ("the Diocese") of the alleged sexual harassment on June 11, 2003. Maryann Favale,

who no longer works at Saint Joseph's School, seeks damages against the Diocese for sexual harassment, retaliation, defamation, intentional and negligent infliction of emotional distress, negligent hiring, negligent supervision, and other causes of action. In addition, co-plaintiff Mark Favale asserts a claim for loss of consortium against the defendant. Sister Stoberieski is not a party to this case.

As a result of this litigation, a deposition of Sister Stobierski was held on August 12, 2005. During the deposition, plaintiffs' counsel asked Sister Stobierski questions pertaining to any psychological and psychiatric illnesses she may have as well as any medical treatment she may have received for these conditions. Plaintiffs' counsel also requested information relating to Sister Stobierski's alleged anger management history. Both Sister Stobierski's attorney and the counsel for the Diocese objected to this line of questioning and directed Sister Stobierski not to respond to these inquiries.

Plaintiffs now seek to compel Sister Stobierski to testify to any prior treatment she may have received for her alleged anger management history and psychological or psychiatric conditions. Plaintiffs also move to compel the Diocese to produce any records it has of any such treatment. The Diocese objects to these requests on the grounds that this information is irrelevant and privileged. In addition, defendant contends that this court lacks personal jurisdiction over Sister Stobierski because she is a non-party witness who was not subpoenaed.[1]

---

[1] The court finds that it has jurisdiction over Sister Stobierski only for the limited purpose of deciding the motions now before the court because Sister Stobierski voluntarily appeared and testified at her deposition on August 12, 2005. The court takes notice of plaintiffs' counsel's assertions that he relied on defense counsel's representations when he decided not to subpoena Sister Stobierski. In the future, however, plaintiffs shall subpoena Sister Stobierski pursuant to Rule 45 of the Federal Rules of Civil Procedure should her testimony again be required.

## II. DISCUSSION

Plaintiffs seek relief under Rule 37(a) of the Federal Rules of Civil Procedure, which authorizes a party to apply for an order to compel disclosure or discovery. "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(2)(A).

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery. Specifically, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." Fed. R. Civ. P. 26(b)(1). As a general proposition, the Federal Rules of Civil Procedure concerning discovery are to be construed broadly. See generally 6 Moore's Federal Practice § 26.41(1) (Matthew Bender 3d ed. 1997) (citing Herbert v. Lando, 441 U.S. 153, 177 (1979)). A valid discovery request need only "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenhiemer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see Hickman v. Taylor, 329 U.S. 495, 501 (1947); Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230, 236 (2d Cir. 1985).

Yet, there are boundaries to discovery. "A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002) (citing Fed. R. Civ. P. 26(b)(2)). In addition, "The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing

oppressiveness, and weighing these factors in deciding whether discovery should be compelled." Yancey v. Hooten, 180 F.R.D. 203, 207 (D. Conn. 1998)(citations and internal quotation marks and punctuation omitted).  The party resisting discovery bears the burden of demonstrating that its objections should be sustained . . . ." Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D.N.Y. 1996).

### 1. Sister Stobierski's Testimony

Plaintiffs assert that Sister Stobierski's testimony regarding the treatment she received for her alleged anger management, psychological, and psychiatric conditions is relevant to their claims of negligent hiring and negligent supervision.  To assert a negligent hiring claim under Connecticut law, a plaintiff must "[p]lead and prove that she was injured by the defendant's own negligence in failing to select as its employee a person who was fit and competent to perform the job in question and that her injuries resulted from the employee's unfit or incompetent performance of his work." Roberts v. Circuit-Wise, Inc., 142 F. Supp.2d 211, 214 n.1 (D. Conn. 2001).  Similarly, Connecticut law requires that a plaintiff bringing a negligent supervision claim

> [p]lead and prove that he suffered an injury due to the defendant's failure to supervise an employee whom the defendant had a duty to supervise.  A defendant does not owe a duty of care to protect a plaintiff from another employee's tortious acts unless the defendant knew or reasonably should have known of the employee's propensity to engage in that type of tortious conduct.

Abbate v. Circuit-Wise, Inc., 130 F. Supp. 2d 341, 344 (D. Conn. 2001).  Both negligent hiring and negligent supervision claims turn upon the type of wrongful conduct that actually precipitated the harm suffered by plaintiff.  "It is well settled that defendants cannot be held liable for their alleged negligent hiring, training, supervision or retention of an employee accused

of wrongful conduct unless they had notice of said employee's propensity for the type of behavior causing the plaintiff's harm."  Elbert v. Connecticut Yankee Council, Inc., No. CV010456879S, 2004 WL 1832935, at *13 (Conn. Super. Ct. July 16, 2004) (citations, internal quotation marks, and punctuation omitted).

Plaintiffs allege that the defendant negligently hired and supervised an individual who was not fit to be the principal of an elementary school.  They contend that the "defendant knew or reasonably should have known that Sister Stobierksi was unfit to be the principal of St. Joseph's School as a result of her prior emotional and anger management issues, and limited school administration experience."  Specifically, plaintiffs argue that "Sister Stobierski was unfit for the principal position" because she "had limited experience and had emotional issues that presented a risk to the students and staff of the school."  Yet, plaintiffs do not allege that Sister Stobierski's prior emotional and anger management issues harmed plaintiff.

Rather, the only type of harm alleged to have been suffered by Maryann Favale was harm resulting from repeated acts of sexual harassment, and plaintiffs do not maintain that Sister Stobierski's alleged anger management and psychological or psychiatric conditions contributed to the sexual harassment.  Accordingly, Sister Stobierski's testimony pertaining to the treatment she allegedly received for her anger management, psychological, or psychiatric conditions is not relevant because it does not pertain to the defense or claim of any party.  See Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470 (N.D. Tex. 2005)("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party")(internal citations and quotations omitted).

Indeed, even if the Diocese was aware of Sister Stobierski's alleged anger management history or psychological or psychiatric conditions, this knowledge would have no bearing on plaintiffs' claims for negligent supervision and negligent hiring because the wrongful conduct of which the Diocese would have had notice of was not the same type of wrongful conduct that caused Maryann Favale harm.  Notice of Sister Stobierski's alleged anger management history or psychological or psychiatric conditions does not equate to notice of Sister Stobierski's propensity to commit acts of sexual harassment.  The Diocese's objection to plaintiffs' motion to compel the testimony of Sister Stobierski is sustained, and plaintiffs' motion is denied.

**2. The Production of Defendant's Records relating to Sister Stobierski**

Plaintiffs assert that any documentation that the Roman Catholic Diocese of Bridgeport may have regarding Sister Stobierski's treatment for anger management or psychological and psychiatric conditions is relevant to their claims of negligent hiring and negligent supervision. The elements of these claims are discussed above.  Again, under Connecticut law, "[d]efendants cannot be held liable for their alleged negligent hiring, training, supervision or retention of an employee accused of wrongful conduct unless they had notice of said employee's propensity for the type of behavior causing the plaintiff's harm." Elbert v. Connecticut Yankee Council, Inc., 2004 WL 1832935, at *13.  Thus, even if the defendant possessed documents relating to treatment Sister Stobierski received for her alleged anger management or psychological and psychiatric conditions, these records would not establish Sister Stobierski's propensity for the type of behavior that caused Marryann Favale harm because they would not demonstrate a propensity for sexual harassment.  Again, it is significant that plaintiffs do not allege that Maryann Favale was harmed by Sister Stobierski's alleged inability to control her anger or her

alleged psychological or psychiatric conditions.  Sexual harassment is the only type of harm alleged by plaintiffs.  Accordingly, any records the Diocese may possess pertaining to Sister Stobierski's anger management problems or psychological and psychiatric conditions are not relevant to plaintiffs' claims of negligent hiring and negligent supervision.  Defendant's objection to plaintiff's motion to compel production of these documents is sustained.

Defendant's motion for a protective order is granted.  A protective order shall enter barring future discovery into Sister Stobierski's anger management or psychological and psychiatric treatment as the court finds that this information is profoundly personal and, as stated herein, not relevant to the claims in this case.

### III. CONCLUSION

For the reasons set forth herein, plaintiffs' motion to compel **(dkt. # 40)** is **DENIED** and defendant's motion for protective order **(dkt. # 43)** is **GRANTED.**

So ordered this 8th day of November, 2005.

_____/s/DJS_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**