UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARYANN FAVALE and MARK FAVALE, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :     No. 3:04CV1220(DJS) <br> : |
| ROMAN CATHOLIC DIOCESE OF BRIDGEPORT, | : <br> : <br> : |
| Defendant. | : |

## MEMORANDUM OF DECISION AND ORDER

Now pending in the above-captioned matter is defendant's motion to compel **(dkt. # 78)** and plaintiffs' motion for a protective order **(dkt. # 81).** The court will address these motions concurrently since the issues presented therein are related. For the reasons that follow, defendant's motion to compel is **GRANTED** and plaintiffs' motion for a protective order is **GRANTED in part.**

### I.  BACKGROUND

Plaintiff Maryann Favale ("Favale") worked as an administrative assistant at Saint Joseph's School ("St. Joseph's") in Brookfield, Connecticut, for approximately twenty-one years. In November of 2002, Sister Bernice Stobierski ("Stobierski") became St. Joseph's new interim principal. Then, in May 2003, Stobierski assumed the position of full-time principal. Favale alleges that Stobierski subjected her to "severe and repeated sexual harassment" in the workplace from December 2002 to June 2003. Favale further asserts that the Roman Catholic Diocese of Bridgeport ("the Diocese") retaliated against her and publicly humiliated her. According to Favale, this treatment caused her "severe emotional distress." Favale, who no longer works at

Saint Joseph's, now seeks economic, compensatory, and punitive damages against the Diocese for sexual harassment, retaliation, defamation, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring, and negligent supervision.  In addition, co-plaintiff Mark Favale asserts a claim for loss of consortium against the Diocese.

## II.  DISCUSSION

Pursuant to Rule 35 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the Diocese has filed a motion to compel plaintiff to undergo an independent psychiatric evaluation to be conducted by Dr. Walter Borden ("Dr. Borden").  Rule 35(a) reads, in relevant part:

> [w]hen the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . .  The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed. R. Civ. P. 35(a).  Thus, the party seeking an examination must show that the physical or mental condition of the party whose examination is sought is in controversy and that there is good cause for ordering the particular examination.  Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964).

Although Favale requests that the court impose certain limitations on the proposed examination, she does not object to submitting to a psychiatric examination or having Dr. Borden conduct the examination.  (See dkt. # 82).  Thus, to the extent that the Diocese seeks to compel Favale to undergo an independent psychiatric examination, the court **GRANTS** the Diocese's

motion **(dkt. # 78.)**.[1]  The court will now discuss the parameters of this examination.

Favale seeks a protective order that would limit the scope of Dr. Borden's examination. A motion to compel a physical or mental examination pursuant to Fed. R. Civ.P. 35(a) is subject to Fed. R. Civ. P. 26(c).  Tirado v. Erosa, 158 F.R.D. 294, 297 (S.D.N.Y. 1994); Hirschheimer v. Associated Minerals & Minerals Corp., No. 94 Civ. 6155(JKF), at *2, 1995 WL 736901 (S.D.N.Y. Dec. 12, 1995).  Rule 26(c) allows a court to issue a protective order to "relieve a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  This provision also "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  Seattle Times co., v. Rhinehart, 467 U.S. 20, 36 (1984).  However, the party seeking the protective order has the burden of proving that there exists good cause for a protective order.  Indeed, "broad allegations of harm unsubstantiated by specific examples" will not suffice.  Bridges v. Eastman Kodak Co., 850 F.Supp. 216, 223 (S.D.N.Y. 1994).

Plaintiffs' motion for a limited protective order seeks to:

(1) allow a witness to observe and tape record the examination or in the alternative, order a tape recording of the examination;

(2) preclude the examiner from administering the Millon Behavioral Medicine Diagnostic

---

[1] The court finds that the Diocese has satisfied the "in controversy" and "good cause" requirements of Rule 35.  See Fed. R. Civ. P. 35(a); Schlagenhauf v. Holder, 379 U.S. 104 (1964).  Favale alleges that her treating therapist and psychologist diagnosed her with post-traumatic stress disorder, general anxiety disorder, and depression.  She also asserts two independent tort claims for emotional distress, one for intentional infliction of emotional distress and another for negligent infliction of emotional distress.  Favale's intention to present evidence relating to her mental state sufficiently demonstrates that her mental condition is in controversy.  In addition, the court is satisfied that the Diocese has established that there is good cause to allow it to evaluate and assess Favale's mental condition.

("MBMD") test; and

(3) order the examiner to use the previously administered MMPI raw test data instead of administering a second MMPI examination.

(Dkt. # 81).

As a preliminary matter, the court observes that the Diocese, in its Reply Memorandum, concedes that it has agreed to Favale's third request - that Dr. Borden use the previously administered MMPI raw test data . (See Dkt. # 85-1).  Thus, to the extent Favale moves to preclude Dr. Borden from administering a new MMPI examination, her motion **(dkt. # 81) is GRANTED**.

The court, however, declines to grant Favale's request that a paralegal from her attorney's office be permitted to observe and tape record her Rule 35 examination.  (See dkt. # 82).  Rule 35 does not address whether an attorney or any other person may be present at an examination, and the Second Circuit has not ruled on the issue.  Baba-ali v. City of New York, No. 92 Civ. 7957(DAB)(THK), 1995 WL 753904, at *2 (S.D.N.Y. Dec. 19, 1995); Tirado, 158 F.R.D. at 295.  Although some courts have permitted a third party to attend the examination, "the party seeking the attendance of a third party at the examination bears the burden of showing 'good cause' for such attendance pursuant to Rule 26(c)."  Reyes v. City of New York, No. 00 Civ. 2300(SHS), 2000 WL 1528239, at *3 (S.D.N.Y. Oct. 16, 2000).  Indeed, "most courts start with a presumption against the presence of third persons, and then go on to consider whether special circumstances have been demonstrated in a particularly case."  Baba-ali, 1995 WL 753904, at *2.

Plaintiff offers four arguments in support of her contention that a third party be permitted to attend the examination, or in the alternative, that the examination be tape recorded.  She

asserts: (1) allowing Dr. Borden "unsupervised access to Ms. Favale, to question Ms. Favale in highly sensitive areas . . . is unfair and has great potential for abuse"; (2) "Plaintiff's witness will only function as an observer, and will not interfere in any way with Dr. Borden's examination of Ms. Favale"; (3) Dr. Borden is an agent of the defendant who has worked with the defendant on other cases; and (4) defendant's other discovery "afforded the plaintiff the procedural safeguards of the presence of her counsel, and were recorded." (Dkt. # 82).

Favale has not presented the court with special circumstances that distinguish her case from others in which Rule 35 examinations are sought. Plaintiff's broad allegation that Dr. Borden's examination has "great potential for abuse" fails because it is not supported by specific facts. See Reyes v. City of New York, 2000 WL 1528239, at * 3 (finding that plaintiff's youth and concerns over potential misconduct by the defense psychiatrist - which were not supported by any facts - did not demonstrate "good cause" for a third party to be present at an examination); Duncan v. UpJohn Co., 155 F.R.D. 23, 27 (D. Conn. 1994) ("Because Dr. Jacobs [the examiner] does not propose to use unorthodox or potentially harmful techniques in his examination of Mr. Duncan, the court finds that there is no need for any of plaintiff's physicians or other mental health professionals to be present during the examination of Mr. Duncan [plaintiff]."). Favale has not come forward with a persuasive showing of why Dr. Borden should be permitted to conduct the examination alone. She has not alleged that Dr. Borden is likely to utilize potentially harmful or unorthodox techniques. Indeed, her concerns about potential misconduct are unsupported by any facts and cannot constitute "good cause" for the presence of a third party witness or a tape recording.

Favale's contention that "[p]laintiff's witness will only function as an observer, and will

not interfere in any way with Dr. Borden's examination of Ms. Favale" also fails. The court finds that a Rule 35 "examination[] should be divested of any adversary character," because of "the special nature of such an examination, which relies upon unimpeded one-on-one communication between doctor and patient." Di Bari v. Incaica Cia Armadora, S.A., 126 F.R.D. 12, 13 (E.D.N.Y. 1989) (internal citations and quotations omitted). Indeed, the court concurs with the Diocese that the presence of an extra person at the examination could reduce the independent nature of the examination by inhibiting Favale's likelihood to provide candid responses to sensitive questions. While the court recognizes that the presence of a third party at the examination may also give Favale moral support, this would be true in all cases involving a mental examination of this type. Thus, Favale's request does not distinguish this case from others or constitute a special circumstance.

Further, the court disagrees with plaintiff's assertion that "Dr. Borden is an expert retained to advocate the defendant's position," and that as such, an examination by Dr. Borden would not be truly "independent." Although Dr. Borden was retained by the defendant, the court observes that Favale placed her mental condition in controversy and voluntarily retained her own therapist and psychologist. Just as the defendant has deposed plaintiff's treating therapist, plaintiff is free to depose Dr. Borden or to call him as a witness at trial and bring this relationship to the jury's attention.

Finally, Favale's argument that she should be afforded certain discovery procedural safeguards at the Rule 35 examination, i.e. that the examination be attended by a third party and be recorded, is without merit. Rule 35 of the Federal Rules of Civil Procedure, which addresses physical or mental examinations, does not provide for the presence of observers or recording

devices. Fed. R. Civ. P. 35(a). Further, the court finds that "[T]o allow a third person to be present at such an examination would subvert the purpose of Rule 35, which is to put both the plaintiff and defendant on an equal footing with regard to evaluating the plaintiff's mental status." Duncan v. UpJohn Co., 155 F.R.D. 23, 26-27 (D. Conn. 1994) (internal citations omitted). Plaintiff was examined by her expert outside of the presence of observers, and the defendant should be afforded the same opportunity.

In the alternative, plaintiff contends that the examination should be tape recorded because "[it] is an inexpensive and reliable safeguard against abuse during an independent medical examination." (Dkt. # 82). Rule 35 does not address whether the examination should be recorded. See Fed. R. Civ. P. 35(a). "Most courts analyze a request for recording in the same way that they evaluate a motion to permit the presence of an attorney." Hirschheimer, 1995 WL 736901, at *4; see also Tirado, 158 F.R.D. at 299. Indeed, "Courts have generally permitted the tape recording of examinations only where they have held that there is a right to have an attorney present at an examination, or where special circumstances have been shown." Hirschheimer, 1995 WL 736901, at *4; cf. Di Bari, 126 F.R.D. at 14 (allowing court reporter, but not plaintiff's attorney, to be present at a psychological exam when plaintiff had difficulty with the English language). Further, a recording device, like an observer, could "constitute a distraction during the examination and work to diminish the accuracy of the process." Shirsat v. Mutual Pharmaceutical Company, Inc, 169 F.R.D. 68, 70 (E.D.Pa 1996).

The court finds persuasive the reasoning of the Hirschheimer court. Thus, "while tape recording is less intrusive than permitting a third party to be present, it would still impede one-on-one communication between the patient and psychologist and tend to undermine the

psychologist's evaluatory technique." Hirschheimer, 1995 WL 736901, at *4.  Further, the court finds that in this case, recording the examination would run contrary to Rule 35's purpose of providing a "level playing field," see Duncan, 155 F.R.D. at 26-27, because the record does not show that the defendant received a tape recording of plaintiff's treatment session.  Accordingly, plaintiff has not established good cause to have the examination recorded because she has not provided the court with special circumstances that differentiate her case from others in which Rule 35 examinations are sought.

Plaintiff also asks the court to issue an order precluding the examiner from administering the Millon Behavioral Medicine Diagnostic ("MBMD") test.  Favale argues, "[t]he MBMD is not an appropriate test to use to gauge the extent of Ms. Favale's emotional distress in this case, and its administration is therefore irrelevant and potentially prejudicial."  Plaintiff further asserts, "[t]he MBMD is designed to be used [sic] help health care providers in the treatment of chronically ill medical patients.  It is not designed to be used on person such as Ms. Favale, whose injury is purely psychological, and has no chronic medical illness." (Dkt. # 82).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides,

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii) and (iii).

Fed. R. Civ. P. 26(b)(1).  A valid discovery request need only "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenhiemer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see Hickman v.

Taylor, 329 U.S. 495, 501 (1947); Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230, 236 (2d Cir. 1985).

Yet, there are boundaries to discovery.  "A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002) (citing Fed. R. Civ. P. 26(b)(2)).  In addition, "The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." Yancey v. Hooten, 180 F.R.D. 203, 207 (D. Conn. 1998)(citations and internal quotation marks and punctuation omitted).  The party resisting discovery bears the burden of demonstrating that its objections should be sustained . . . ." Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D.N.Y. 1996).

The court concludes that plaintiff has not established that the MBMD test is irrelevant or prejudicial.  Defendant's request that Dr. Borden employ the MBMD test is reasonably calculated to lead to the discovery of admissible evidence relating to Favale's emotional distress claims and damages calculations.  For instance, in her complaint, Favale avers, "Defendant knew or should have known that such emotional distress was likely to result in plaintiff's illness or bodily harm." (Compl. ¶ 115).  A technique, such as the MBMD test, which measures plaintiff's physical illness could lead to information that bears on whether Favale endured bodily harm as a result of her emotional distress.  Further the court notes that it did not impose any limitations on the

techniques that plaintiff's treating therapist or psychologist were allowed to employ.  Nor has plaintiff presented evidence showing that the MBMD test is unorthodox, harmful, burdensome or prejudicial.   Accordingly, the court will not preclude defendant's expert from employing the MBMD test.  At trial, plaintiff may renew her <u>Daubert</u> objections to the admissibility of the test results.

### III. CONCLUSION

For the reasons set forth herein, defendant's motion to compel **(dkt. # 78)** is **GRANTED** and plaintiffs' motion for protective order **(dkt. # 81)** is **GRANTED in part.**   Accordingly, the court **ORDERS:**

1). Favale shall undergo an independent psychiatric evaluation to be conducted by Dr. Borden;

2). Dr. Borden's examination shall not be observed by any witnesses;

3). Dr. Borden's examination shall not be tape recorded;

4). Dr. Borden may administer the MBMD test; and

5). Dr. Borden shall use the MMPI raw test data previously administered to Ms. Favale rather than administering a second MMPI examination.

**SO ORDERED** at Hartford, Connecticut, this __6th____ day of June, 2006.

_____/s/DJS_____

**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**